Andrew J. Deddeh CA Bar No. 272638
andrew.deddeh@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys for Defendant LEIDOS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO VENERACION, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEIDOS, INC., a Delaware corporation, and does 1-50, inclusive,<br><br>Defendant. | Case No. **'24CV2396 BEN VET**<br><br>**CLASS ACTION**<br><br>**DEFENDANT LEIDOS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[28 U.S.C. § 1332(d) (Class Action Fairness Act)]<br><br>Complaint Filed: October 9, 2024<br>Removed:<br>Trial Date: None Set |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

Defendant Leidos, Inc. ("Leidos") removes this action, originally commenced in the Superior Court of the State of California for the County of San Diego, Case No. 24CU016920N, to the United States District Court for the Southern District of California. Removal is proper under 28 U.S.C. Section 1332(d) (the Class Action Fairness Act ["CAFA"]) and Section 1446 because (1) Plaintiff and other members of the putative class are citizens of a State different from Leidos; (2) the number of members of all proposed plaintiff classes in the aggregate is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. All CAFA requirements are satisfied here.

## I. STATE COURT ACTION

1. Plaintiff filed the Complaint on October 9, 2024 in San Diego County Superior Court ("Action"), against Leidos. (Declaration of Andrew Deddeh ["AJD Decl."], ¶ 2; Ex. 1, Complaint.) A copy of the Complaint packet is attached as **Exhibit 2**. The Action was assigned Case No. 24CU016920N (*Id*.)

2. Leidos filed an Answer to Plaintiff's Complaint in the San Diego County Superior Court on December 16, 2024. (AJD Decl., ¶ 4; Ex. 3, Answer.) A copy of the Answer to Plaintiff's Complaint is attached as **Exhibit 3.**

## II. REMOVAL IS TIMELY

3. The time to remove under 28 U.S.C. Section 1446(b) does not begin to run until receipt by the Defendant, through service or otherwise, of a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005). Here, the Complaint does not contain all facts and data to calculate the amount in controversy with reasonable certainty as to the individually named Plaintiff or as to the putative class. Accordingly, it is not possible to ascertain solely from the Complaint all facts and data that this case is removable, and, to date, Leidos has not

received any other document which would constitute an "other pleading, motion, order or other paper" providing this information. (*See* AJD Decl.¶ 6.) Accordingly, the time to remove this action had not yet begun. Where the time to remove has not yet expired, a defendant may remove at any time if it uncovers evidence establishing that the case is removable. *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). As set forth below, Leidos has only recently discovered such evidence after collection and review of relevant records of the implicated employees and an analysis of the estimated damages based on reasonable assumptions drawn from the Complaint. Therefore, Leidos is timely removing this case based on that information, as well as the allegations in the Complaint. (AJD Decl.¶ 2.)

4.   Even if it could be determined from the four corners of the Complaint that this action is removable, this Notice of Removal would still be timely. Defendant accepted service of the Complaint and Summons on November 19, 2024. (AJD Decl.¶ 3. Ex. 2.) As such, the time to remove could not expire, at the earliest, until December 20, 2024, the first court day which is 30 days after service of the Summons and Complaint. This Notice is therefore timely, as it was filed prior to that deadline.

## III.   REMOVAL IS PROPER UNDER CAFA

5.   Removal is proper given Plaintiff's allegations and claims. Plaintiff's Complaint asserts causes of action on a class wide basis for: failure to pay all hours worked, including overtime hours worked, failure to pay all wages owed twice per month, failure to pay minimum wage, failure to pay wages due upon termination, meal break violations, rest break violations, failure to reimburse for required business expenses, failure to provide accurate itemized wage statements & violation of record keeping requirements, and unlawful business practices under Business and Professions Code § 17200 et seq. (Ex. 1.)

6.   CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which (1) any member of a class of plaintiffs is a citizen of a state different from any defendant; (2) the number of members of all

proposed plaintiff classes in the aggregate is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes such removal under 28 U.S.C. § 1446.

7. This Court has original jurisdiction over the Action under CAFA because it is a civil case filed as a class action wherein at least one member of the putative class is a citizen of a State different from Leidos, the number of individuals in the proposed classes in the aggregate is over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

### A. CAFA's Diversity of Citizenship Requirement is Satisfied

8. CAFA's diversity requirement is satisfied "so long as 'any member of a class of Plaintiffs is a citizen of a State different from any defendant.'" *Bradford v. Bank of Am. Corp.*, No. CV 15-5201-GHK (JCX), 2015 WL 5311089, at *3 (C.D. Cal. Sept. 10, 2015) (citing *California v. IntelliGender, LLC*, 771 F.3d 1169, 1172 (9th Cir. 2014)); 28 U.S.C. §§ 1332(d)(2), 1453(a), (b).

9. Plaintiff is a resident of the State of California within the meaning of 28 U.S.C. § 1332(a). (Ex. 1, Complaint, ¶ 2; Declaration of Karen Buete ("Buete Decl.") ¶ 2.) Numerous putative class members are also residents of the State of California within the meaning of 28 U.S.C. § 1332(a). (Buete Decl. ¶ 2.)

10. Under 28 U.S.C. § 1332(c)(1), a corporation shall be deemed to be a citizen of every State and foreign state in which it has been incorporated and of the State or foreign state where it has its principal place of business. A company's "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). The "nerve center" is normally where the corporation maintains its headquarters. *Id*.

11. Leidos is, and at all times relevant to this action was, a citizen of Delaware and Virginia. Leidos is a corporation organized under the laws of Delaware. Further, Leidos's headquarters and principal place of business – where its operations

are directed, controlled, and managed – is in Virginia. Leidos has not been incorporated in California and has not had its headquarters, executive offices, or principal place of business in California. Accordingly, Leidos is a citizen of Delaware and Virginia, and not a citizen of California. (Buete Decl. ¶ 3.)

12. The CAFA diversity requirement has been met because Plaintiff (or any one of the numerous implicated employees) is a citizen of California and Leidos is not; it is a citizen of Delaware and Virginia. Removal is therefore proper under 28 U.S.C. § 1332(d). *Serrano v. 180 Connect Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

### B. CAFA's Class Size Requirement Is Satisfied

13. Plaintiff purports to brings the Action on behalf of "[a]ll persons who are employed or have been employed by Defendant in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations." (Complaint, ¶ 29.)

14. Leidos disputes Plaintiff's allegations and does not waive any rights to challenge Plaintiff's pleading. Nevertheless, between October 9, 2020 through December 6, 2024, Leidos employed at least 3,368 individuals (in the aggregate). (Buete Decl. ¶ 4.) This four-year lookback period corresponds within the statutory limitations period of the Unfair Competition claim alleged by Plaintiff. Bus & Prof. Code § 17208; Complaint, ¶¶ 79-87. Thus, CAFA's class size requirement is satisfied.

### C. CAFA's $5 Million Amount in Controversy Requirement Is Met

15. CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

16. Under CAFA, the "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013). Courts look to the allegations in the complaint in determining the amount in controversy. *LaCross v. Knight Trans. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015)

("[O]ur first source of reference in determining the amount in controversy [is] plaintiff's complaint"). "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Central Freight Lines, Inc.*, 692 F. App'x 806 (9th Cir. 2017).

17. Plaintiff seeks the recovery of meal and rest period premium pay, unpaid wages (including overtime wages), itemized wage statement penalties, and waiting time penalties, on behalf of himself and the putative classes. (*See* Ex. 1, Complaint.) The Complaint, based on the allegations in it, and analysis of data from Leidos, satisfies the $5 million threshold for CAFA removal.[1] *See* 28 U.S.C. § 1332(d).

### 1. Relevant Data

18. From October 9, 2020 to December 6, 2024, Leidos employed, in the aggregate, at least 1,791 non-exempt employees in California. (Buete Decl., ¶ 4.) Those employees worked approximately 205,504 workweeks. (*Id.*) The average hourly rate is 31.83.

19. From October 9, 2021 to December 6, 2024, at least 496 non-exempt employees in California separated from their employment with Leidos. (Buete Decl., ¶ 5.)

20. From October 9, 2023, to December 6, 2024 there were approximately 36,155 pay periods for at least 1,395 non-exempt employees in California. (Buete Decl., ¶ 6.)

### 2. Waiting Time Penalties

21. Plaintiff alleges " Defendant willfully failed to pay employees who are

---

[1] In alleging the amount in controversy for purposes of CAFA, Leidos does not concede in any way that the allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint. Nor does Leidos concede that any or all putative class members are entitled to any recovery in this case, or are appropriately included in the action. Leidos also does not concede Plaintiff can bring claims on class or representative basis.

no longer employed by it all compensation due upon termination of employment as required by Cal. Lab. Code §§201 and 202. Plaintiff and Class Members and similarly situated individuals are now entitled to recover up to thirty (30) days' pay as waiting time under the terms of §203." (Complaint 55.)

22. California Labor Code section 203 provides "[i]f an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010). The limitations period is 3-years.

23. From October 9, 2020 to December 6, 2024, at least 496 non-exempt employees in California separated from their employment with Leidos. (Buete Decl., ¶ 5.) The average rate of pay is $31.83. This equals an average daily rate (8 hours) of approximately 254.64. (*Id.*)

24. Therefore, based on Plaintiff's claim of entitlement to statutory penalties premised on violation of Labor Code § 201 and 202, the amount in controversy for waiting time penalties is at least $**3,789,043** ($254.64 daily rate ($31.83 per hour x 8 hours) x 30 days x 496 separated putative class members). *See Crummie v. CertifiedSafety, Inc.*, No. 17-CV-03892-RS, 2017 WL 4544747, at *3 (N.D. Cal. 2017) (finding it "completely reasonable" for the Defendant to assume the maximum, 30-day period of waiting time penalties where the allegations support the assumption).

### 3.  **Wage Statement Penalties**

25. In cause of action eight, Plaintiff alleges Defendant "knowingly and intentionally failed to provide timely accurate, itemized wage statements to Plaintiff and the class members in accordance with Labor Code §§ 226 and 1174. Both the records Defendant maintained, and the statements Defendant provided to Plaintiff and Class Members did not accurately reflect the actual gross wages earned. The statements Defendant provided to its employees failed to include their pay for all hours

the worked, their accurately reflected actual gross wages earned, their accurate rate of pay for all hour worked, their overtime pay, their sick pay at the correct rate, and their pay for meal and rest period premium wages." Complaint ¶ 77.

26. Plaintiff further alleges that "[s]Such failures called injury to Plaintiff and others, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled.

27. Under California Labor Code § 226(e), which provides for the greater of all actual damages or $50.00 for the initial pay period in which a violation occurred and $100.00 for each subsequent pay period in which a violation occurred, not to exceed $4,000.00 per putative class member, as well as reasonable attorneys' fees and costs. Cal. Lab. Code § 226(e).

28. A one-year statutory period applies to Plaintiff's claim for wage statement penalties. Cal. Code Civ. Proc. §340(a); *Falk v. Children's Hospital Los Angeles*, 237 Cal. App.4th 1454, 1469 (2015).

29. As noted above, from October 9, 2023 to December 6, 2024, at least 1,395 non-exempt employees in California worked at least 36,155 pay periods with no employee working more than 40 pay periods. (Buete Decl., ¶ 6.). Therefore, based on Plaintiff's allegations, the amount in controversy for wage statement penalties is at least **$3,545,750**. (1,395 wage statements x $50 = $69,750; 34,760 wage statements x $100 = $3,476,000 [$69,750 + $3,476,000 = $3,545,750]).

### 4. Further Data

30. For purposes of this removal, the claims above are sufficient to support the required $5 million threshold amount in controversy. However, Leidos has provided data sufficient to calculate and support, based on Plaintiff's allegations, an even greater amount in controversy. (Buete Decl., ¶¶ 4-6.) There is no doubt that, as alleged, the amount in controversy exceeds the requisite threshold.

/ / /

/ / /

### 5. **Attorney Fees**

31. Based on the above, Leidos has demonstrated there is at least **$7,334,793** in controversy in waiting time and wage statement penalties ($3,545,750 + $3,789,043 = $7,334,793).

32. Plaintiff also seeks an award for attorneys' fees: "attorneys' fees pursuant to Labor Code sections 218.5, section 1021.5, and/or other applicable law." (Ex. 1, Complaint, Request for Relief, see also, ¶¶ 4, 13, 44, 71, and 87.) In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id.* (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV1608105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Altamirano v. Shadow Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *13 (N.D. Cal. Jan. 14, 2013) (including 25% attorney's fees to increase the amount-in-controversy to above $5 million CAFA threshold).

33. Assuming an award of attorney fees in the benchmark amount of 25% of the total recovery, the amount in controversy for such fees is **$1,833,698 ($7,334,793 + x 0.25).**

### 6. **Summary**

34. Based on Plaintiff's allegations, the amount in controversy is at least **$9,168,491 ($3,789,043 + 3,545,750 + $1,833,698)**. The Complaint satisfies the $5 million threshold.

/ / /

/ / /

## IV. VENUE IS PROPER IN THIS COURT

35. Under 28 U.S.C. § 1441(a), this Notice of Removal is filed in the district court of the United States in which the Action is pending. The Superior Court for the County of San Diego is within the Southern District of California. 28 U.S.C. § 84(d). As such, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(a).

36. The undersigned is counsel of record for Defendant Leidos.

37. Under 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the Declaration of Andrew Deddeh and Exhibits 1 to 3 thereto, which constitute a copy of all processes, pleadings, and orders provided to Leidos. (AJD Decl. ¶¶ 5-6.)

38. As required by 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a), this Notice of Removal was filed timely as detailed above.

39. As required by 28 U.S.C. §1446(d), Leidos provided Notice of Removal to Plaintiff through his attorneys of record.

40. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of San Diego.

41. If this Court has a question regarding the propriety of this Notice of Removal, Leidos respectfully requests it issue an Order to Show Cause so it may have an opportunity to provide additional briefing on the grounds for this removal, including further detail regarding the full amount in controversy.

## V. CONCLUSION

42. For the foregoing reasons, Leidos removes the above-entitled action to the United States District Court for the Southern District of California.

/ / /

/ / /

/ / /

/ / /

| | |
|---|---|
| DATED: December 18, 2024 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| | By: */s/ Andrew J. Deddeh*<br>Andrew J. Deddeh<br>Attorneys for Defendant LEIDOS, INC. |